IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES SHERWOOD LAMBE, JR.,

  Petitioner,

v.                                    Civil Action No.:  PX-22-1321

BRIAN FROSH, et al.,

  Respondent.

**MEMORANDUM AND ORDER**

James Sherwood Lambe, Jr. brings this action to challenge a state court order directing that he pay child support. ECF No. 1.[1] He styles the pleading as a Petition for relief pursuant to 28 U.S.C. § 2254. However, under any construction of the pleading, relief is unavailable to Lambe in federal court.

If construed as a Petition brought pursuant to § 2254, relief is available only to a "person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(d). Although custody need not be "actual physical custody" such as imprisonment, challenges to civil matters which do not implicate restrictions of liberty cannot be brought as habeas petitions. *Mainali v. Virginia*, 873 F.Supp.2d 748, 751 (E.D. Va. 2012), citing *Jones v. Cunningham*, 371 U.S. 236, 242 (1963). A claim challenging the validity of a child support order alone cannot proceed as a habeas petition. *Cf.*, *Leonard v. Hammond*, 804 F.2d 838 (4th Cir. 1986) (petition challenging validity of confinement arising from contempt finding for failure to pay child support must proceed by habeas petition).

---

[1] In his pleading, Lambe has misspelled the name of the Attorney General of Maryland. The Clerk is directed to correct the docket to read "Brian Frosh" instead of "Brian Frost" in the case caption.

1

Lambe solely challenges the propriety of a state court child support order. At best, his failure to comply in the future could theoretically open him to contempt proceedings which could implicate his liberty. *See Walton v. Lambe*, CAS21-15563 (Cir. Ct. Prince George Cnty.) at http://casesearch.courts.state.md.us/casesearch/ (last viewed 6/15/22). But Lambe is not currently in custody, and thus his challenge to such an order, without more, cannot proceed as a habeas petition. Thus, if construed as a Petition filed pursuant to 28 U.S.C. § 2254, the pleading must be dismissed, and a certificate of appealability shall not issue.[2]

Alternatively, if the Court construes the pleading as a civil complaint, it too fails. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). 28 U.S.C. § 1331 provides that federal court may hear "all civil actions arising under the Constitution, laws, or treaties of the United States," commonly known as federal question jurisdiction. For the Court to retain federal question jurisdiction, the federal question must be a direct element in the plaintiff's claim, must be substantial, and not plainly frivolous. *McLucas v. DeChamplain*, 421 U.S. 21, 28 (1975). Where no federal question is presented, the Court may nonetheless retain diversity jurisdiction pursuant to 28 U.S.C. § 1332 if the matter in controversy exceeds $75,000 and is between citizens of different states.

A court retains "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). To establish jurisdiction, the Court looks to those facts affirmatively alleged in the complaint. *Pinkley,*

---

[2] This Court issues a certificate of appealability only where "'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right'" and "'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). A petitioner may still request that the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

*Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The party seeking to avail itself of this Court's jurisdiction bears the burden of proof. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

As to diversity jurisdiction, "Congress did not authorize [federal courts] to declare ab initio litigants' rights and duties under family relations laws." *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980). For matters concerning child custody, such as ordering payment of child support, this Court retains no jurisdiction. *See Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006); *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982) ("diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights"). Accordingly, to the extent Lambe intended to file a traditional civil complaint, this Court lacks diversity jurisdiction.[3]

Perhaps the Court, reading the pleading most generously to Lambe, could construe it as asserting violations of his federal constitutional rights. If construed as a complaint brought pursuant to 42 U.S.C. § 1983, the claim still fails as a matter of law. First, Lambe seems to hold the "State of Maryland" responsible for deprivation of his "constitutionally protected liberty [interest] to raise my child without State unwarranted interference." ECF No. 1 at 4. The State, as well as its agents and agencies, however, enjoys Eleventh Amendment immunity from suits

---

[3] Nor can this Court issue any mandamus relief against the state court that issued the challenged child support order. *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969), *see also* 28 U.S.C. § 1361.

brought in federal Court. Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from citizen suits in federal court absent state consent or Congressional action. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Claims against state employees acting in their official capacities are also subject to Eleventh Amendment immunity because a suit against the state actor is tantamount to a suit against the state itself. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). The State of Maryland has not waived such immunity for claims brought pursuant to § 1983. Accordingly, Defendants are immune from suit for actions taken in their official capacity. Thus, whether the Court considers the claim as against the State of Maryland, the Attorney General, or the "Child Support Administration," through its Executive Director, the claim is barred by the Eleventh Amendment.

Based on the foregoing, it is this 15th day of June 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Construed as a Petition brought pursuant to 28 U.S.C. § 2254, the Petition is DISMISSED and a Certificate of Appealability shall not issue;

2. Construed as a civil complaint, the claims nonetheless fail and must be DISMISSED;

3. The Clerk shall SEND copies of this Memorandum and Order to James Sherwood Lambe, Jr., and CLOSE this case.

/S/
_____
Paula Xinis
United States District Judge